# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Amarillo Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 2:22-CR-20-Z-BR-(1) |
|  | U.S. Marshal's No.: 90130-509 |
| SHAMAN LEE COOPER | Joshua Jerome Frausto, Assistant U.S. Attorney |
|  | Eric Coats, Attorney for the Defendant |

On June 22, 2022 the defendant, SHAMAN LEE COOPER, entered a plea of guilty as to Count Two of the Indictment filed on February 24, 2022. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and 2 | POSSESSION OF PREPUBESCENT CHILD PORNOGRAPHY | 01/26/2021 | Two |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count Two of the Indictment filed on February 24, 2022.

Upon Motion of the government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 26, 2022.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

Signed October 27, 2022.

Judgment in a Criminal Case                                                                 Page **2** of **7**
Defendant: SHAMAN LEE COOPER
Case Number: 2:22-CR-20-Z-BR-(1)

## IMPRISONMENT

The defendant, SHAMAN LEE COOPER, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Two Hundred Forty (240) months as to Count Two** of the Indictment filed on February 24, 2022. The sentence shall *run concurrently* to any sentence that may be imposed in Case # 5647 pending in the 100th District Court, Carson County, Texas for a parole revocation, unrelated to the instant offense.

The Court makes the following recommendations to the Bureau of Prisons:

1. that the Defendant be allowed to participate in any and all mental health treatment services to include possible grief counseling to address his own physical abuse and any mental health issues reflected in PSR; be allowed to participate in a full medical diagnostic evaluation to address the hyper thyroid and dental issues reflected in the PSR; and be allowed to participate in any and all substance abuse treatment and rehabilitation programs, while in the custody of the Federal Bureau of Prisons, if eligible, if consistent with security classification;

2. that the Defendant be allowed to participate in vocational training to pursue a commercial driver's license, dog training and culinary arts, if possible, if eligible, if consistent with security classification; and

3. that the Defendant be allowed to serve his term of incarceration at FCI – Seagoville, if possible, if eligible, if consistent with security classification.

The Defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **LIFE** as to Count Two of the Indictment filed on February 24, 2022.

While on supervised release, in compliance with the Standard Conditions of supervision adopted by the United States Sentencing Commission at Section 5D1.3(c), the defendant shall:

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

Judgment in a Criminal Case                                                                                                           Page **3** of 7
Defendant: SHAMAN LEE COOPER
Case Number: 2:22-CR-20-Z-BR-(1)

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

    Also, as set forth in the Notice of Intent to Impose Conditions of Supervised Release signed and dated October 26, 2022, the Defendant shall comply with the below-listed other conditions of supervised release, which are derived from Sections 5D1.3(a), (b), (d), and (e), in relevant part:

1. The defendant shall not commit another federal, state or local offense (*see* 18 U.S.C. § 3583(d)).

Judgment in a Criminal Case  
Defendant: SHAMAN LEE COOPER  
Case Number: 2:22-CR-20-Z-BR-(1)

Page **4** of 7

2. The defendant shall not unlawfully possess a controlled substance (*see* 18 U.S.C. § 3583(d)).

3. The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. § 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant (*see* 18 U.S.C. § 3583(d)).

4. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3583(d)).

5. If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine (*see* 18 U.S.C. § 3624(e)).

6. The defendant shall (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (*see* 18 U.S.C. § 3572(d)), the defendant shall adhere to the schedule.

7. If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act (*see* 18 U.S.C. § 3583(d)).

8. The defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

9. The defendant shall not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet.

10. The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $10 per month. The defendant shall consent to the probation officer's ongoing monitoring of his/her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

Judgment in a Criminal Case                                                Page **5** of 7
Defendant: SHAMAN LEE COOPER
Case Number: 2:22-CR-20-Z-BR-(1)

11. The defendant shall have no contact with persons under the age of 18 except when directly supervised by an adult who is approved in advance by the probation officer, nor shall the defendant loiter near places where children may frequently congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate and the defendant shall not date or intentionally develop a personal relationship with anyone who has children under the age of 18, without prior permission of the probation officer.

12. The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material is available.

13. The defendant shall not engage in or utilize any service that allows peer-to-peer file sharing or file transfer protocol activity.

14. The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

15. The defendant shall pay the Justice for Victims of Trafficking assessment of $5,000, payable to the U.S. District Clerk, 205 East Fifth Avenue, Room 133, Amarillo, Texas 79101-1559. If upon commencement of the term of supervised release any part of the assessment imposed pursuant to 18 U.S.C. § 3014 remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $20 per month until the fine is paid in full.

16. The defendant shall pay the AVAA assessment pursuant to 18 U.S.C. § 2259A to the United States in the amount of $17,000, payable to the U.S. District Clerk, 205 East Fifth Avenue, Room 133, Amarillo, Texas 79101-1559. If upon commencement of the term of supervised release any part of the AVAA imposed pursuant to 18 U.S.C. § 3014 remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $20 per month until the fine is paid in full.

17. The defendant shall pay restitution in the amount of $10,000, payable to the U.S. District Clerk, 205 East Fifth Avenue, Room 133, Amarillo, Texas 79101-1559 for disbursement to the identified victims in this case. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments in the amount of $50 per month on such unpaid balance beginning 60 days from the date of this judgment with another payment to be made on the same day of each month thereafter until the restitution is paid in full.

18. The defendant shall provide any requested financial information to the U.S. Probation Office unless payment of any financial obligation has been paid in full.

## FINE/RESTITUTION

The Court **does order** the Defendant pay the **Justice for Victims of Trafficking Assessment Act** assessment in the amount of **$5,000**.

Judgment in a Criminal Case   Page **6** of **7**
Defendant: SHAMAN LEE COOPER
Case Number: 2:22-CR-20-Z-BR-(1)

The Court does not order a Fine or costs of incarceration because the Defendant does not have the financial resources or future earning capacity to pay one, in addition to the JVTA assessment.

The Court **does order** Defendant to pay restitution in the total amount of **$10,000**.

Restitution is payable to the U.S. District Clerk, 205 E. 5th Amarillo, Texas 79101 for disbursement as follows:

"Deborah A. Bianco in trust for Pia"
**$5,000**

"Tara"
**$5,000**

Restitution shall be payable immediately, but if, upon commencement of the term of supervised release, any part of the $10,000 ordered by this judgment remains unpaid, the Defendant shall make payments on such unpaid balance at the rate of at least $100 per month.

Payment shall begin no later than 60 days after the Defendant's release from confinement and another payment to be made on the same day of each month thereafter until the Restitution is paid in full.

This payment schedule does not affect the enforceability of the Restitution Order and the continuing obligation of Shaman Lee Cooper to pay restitution in full as soon as possible. Nothing in this Order shall be construed to limit the ability of the U.S. Attorney's Office to fulfill its statutory obligation to enforce restitution under the Federal Debt Collection Act, 28 U.S.C. § 3001 et seq., or under any other statutory provision, during supervision or after release.

However, no restitution shall be payable during incarceration from funds deposited into the Defendant's Inmate Trust Account or paid to the Defendant for work performance during incarceration.

## FORFEITURE

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and subject to the provisions of 21 U.S.C. § 853(n), it is hereby ordered that Defendant's interest in the following property is condemned and forfeited to the United States: **An LG cellphone, model LM-Q720MS, bearing IMEI 358852105852604.**

Judgment in a Criminal Case  Page 7 of 7
Defendant: SHAMAN LEE COOPER
Case Number: 2:22-CR-20-Z-BR-(1)

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal